NO. 07-08-0426-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2009

______________________________

JEREMY D. CHANEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,247; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Abatement and Remand

________________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Jeremy D. Chaney, was convicted by a jury of assault on a family member, enhanced.  After Appellant pleaded true to the enhancement allegation, the punishment phase proceeded and the jury sentenced him to eleven years confinement.  
In presenting this appeal, counsel has filed an 
Anders
(footnote: 1) brief in support of a motion to withdraw.  
For the reasons expressed herein, we abate and remand this cause to the trial court for appointment of new counsel. 

When faced with an 
Anders
 brief, or a later filed 
pro se
 response, an appellate court has two choices: (1) it may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error, or (2) it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel can be appointed to brief the issues.  
Garner v. State, ___ 
S.W.3d ___ No. PD-0904-07, 2009 WL 4640565, at *3 (Tex.Crim.App. Dec. 9, 2009).  

In this cause, Appellant testified to the facts and circumstances surrounding the allegations in the indictment.  It is apparent that Appellant’s trial strategy was not to deny the commission of the offense, but instead to justify his actions pursuant to either section 9.22 (necessity) or 9.34 (protection of life or death) of the Texas Penal Code.  While the trial court did allow an instruction under section 9.22, it denied a tendered instruction under 9.34.  Finding that an arguable issue exists as to whether the trial court erred in denying the requested instruction under section 9.34 of the Texas Penal Code, pertaining to the use of force to protect the complainant from inflicting serious bodily injury on herself, 
we grant Appellant’s counsel’s motion to withdraw, abate this proceedin
g, and remand this cause to the trial court for appointment of new counsel.  
See Bledsoe v. State
, 178 S.W.3d 824, 827  (Tex.Crim.App. 2005)
; 
Stafford v. State,
 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  

Accordingly, we direct the trial court to appoint new counsel to represent Appellant on appeal by January 8, 2010.  The trial court shall furnish the name, address, telephone number, and state bar number of new counsel by its order appointing new counsel to be included in a supplemental clerk’s record which shall be filed with the Clerk of this Court by January 22, 2010.  Appellant’s brief shall be due forty-five days from the date of the trial court’s appointment of new counsel.  All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

Appellant’s 
pro se Motion to Deny Withdrawal of Attorney of Record 
is denied.  Appellant’s 
pro se 
Motion to Request Writ of Habeas Ad Testificandum 
is rendered moot by this Court’s order that new appellate counsel be appointed.
 

It is so ordered.

Per Curiam

Do not publish.
   
 

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).